**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES McKINNEY,<br><br>    Appellant,<br><br> v.<br><br>KONDAUR CAPITAL CORPORATION;<br>et al.,<br><br>    Appellees. | No. 11-60062<br><br>BAP No. 10-1393<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Mann, and Dunn, Bankruptcy Judges, Presiding

Submitted June 18, 2013[**]

Before:  TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

  James McKinney, a Chapter 7 debtor, appeals pro se from the Bankruptcy

Appellate Panel's ("BAP") judgment dismissing as moot his appeal of the

bankruptcy court's order granting relief from stay to allow appellee Kondaur

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Capital Corporation to initiate eviction proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review de novo a determination that an appeal from a bankruptcy court decision is moot. *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998). We affirm.

The BAP properly dismissed the appeal as moot because the eviction proceedings had been completed, McKinney had withdrawn his defense of the eviction action, and the property at issue had been sold to third-party good faith purchasers, rendering the court unable to fashion an effective remedy. *See id.* at 1180-81 (affirming dismissal on the basis of mootness where property at issue was sold and court could not grant effective relief); *see also Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880-81 (9th Cir. 2012) (discussing standard for determining equitable mootness).

McKinney's contention that the BAP erred by failing to consider his arguments concerning standing and alleged due process violations is unpersuasive.

**AFFIRMED.**